STANARD, J.
I think the objection, that it does not expressly -appear by the record that' Wynn was a person against whom it Was proper to commence the action by summons, is of no avail. The substitution of the summons instead' of the ordinary process of capias, is a privilege given by statute to certain officers, when they are sued. If a defendant be not strictly entitled to the privilege, no ■ wrong can be done him by conceding it to him, but rather a favour. A defendant'.not entitled to the privilege might probably object to the extension of it to him, and by declining it, have' the process set aside for irregularity : ' but if he suffers the case to proceed upon the summons, he must be considered as admitting that he' is a person liable to be sued by su'ch process, or if not, as Acquiescing in the privilege it concedes *to him. In either view, the objection to the process ought not to be regarded as just cause to impeach the judgment rendered upon it. Besides, in this case,' Wynn, the defendant below, having expressly objected to 'the regularity of the process of attachment, without making any objection to the summons, the implication is inevitable, either that he was a person against whom the summons was the proper process, or if he was not, that he waived objection on that head.
The award of the attachment on1 the return made upon the first summons, ánd the proceedings at the rules upon the return of the attachment, were confessedly irreg *726 ular; nor is it to be doubted, that the court was right in quashing the attachment, setting aside the proceedings consequent upon it, and sending the cause back to the rules for further proceedings.
In the subsequent proceedings at the rules, an alias summons was issued, the return upon which shewed, clearly, that the process was not duly executed, and yet an office judgment was entered against the defendant for failing to appear and plead, and a writ of inquiry of damages was awarded. The writ of inquiry was executed at the ensuing term. There could be no default of appearance, unless the summons was returned duly served. The clerk, I presume, through mistake, supposed that the return upon the summons shewed that it was duly served, and entered the office judgment, and the award of the writ of inquiry, in consequence of that mistake. But as the summons was not duly served, there was no warrant for entering the office judgment and awarding the writ of inquiry; and those proceedings are erroneous, if there be no other foundation for them than the supposed default of appearance at the rules.
It has, however, been earnestly insisted, that Wynn’s appearance in term, to have the attachment quashed and the proceedings consequent upon it set aside, was *an unqualified appearance to the action, which superseded the necessity of other process; and that when the case returned to the rules, the plaintiff below, without further process, was entitled to judgment for the defendant’s failure to plead. It might be a sufficient answer to say, 1. that, if the defendant’s appearance in term to have the previous proceedings at the rules corrected, dispensed with the necessity of further process, the plaintiff, by suing out the new process, waived the benefit of that dispensation; and 2. that the judgment entered at the rules was not a judgment for the defendant’s failure to plead after his appearance, but for his failure to appear after process served. But, apart from these considerations, was the defendant’s appearance in term for such a purpose, and appearance to the action, which dispensed with further process, and subjected him to a judgment by nil dicit, and to the consequences of such a judgment? It was not so understood by the plaintiff, by the clerk, by the defendant, or by the court: not by the plaintiff, for upon the return of her case to the rules, she sued out new process: not by the clerk, for he founded the subsequent proceedings at rules upon the return of the alias summons, under an erroneous opinion that the return shewed due service of that process: not by the defendant, else he would hardly have let judgment pass by nil dicit, and a writ of inquiry be executed, whereby any claim which the plaintiff might have setup, however inconsistent with that mentioned in the process, might have been conclusively charged upon him: not by the court, for it set aside the previous proceedings, because the attachment was irregular process, and when, after quashing the attachment, it sent the case back to the rules for further proceedings, the further proceedings plainly indicated, were such as the plaintiff o->ght to have taken instead of suing out the attachment; that is, as the first summons was not duly served, the issuing of an alias. *The argument then is, that the defendant’s appearance in term, and motion to quash the attachment, though not so intended by him, nor so understood by the plaintiff, or by the clerk, or by the court, was, proprio vigore and necessarily, an unconditional appearance to the action which dispensed with further process. The proposition is not sustained by any principle or analogy. It is of common occurrence, that a motion for award of execution on a forthcoming bond, is resisted on the ground that due notice of the motion has not been given; yet, in my experience, it has never even been pretended, that such an appearance dispenses with due notice of the motion, to be made at a subsequent term: but if the argument for the defendant in error here were well founded, then in every such case, the court would treat the appearance to resist award of execution for want of due notice of the motion, as dispensing with further notice, at least in respect to a motion to be after-wards made; and when the actual notice was found defective, though execution might not be presently awarded upon it, the motion would yet be docketed as one to be afterwards made, as upon notice dispensed with by the party’s appearance. The argument presents the singular dilemma, that a party cannot free himself from the present or past effect of erroneous process, without forfeiting his right to exemption from judgment until proper process shall be sued and duly served upon him. It would subject him to judgment without any future regular process, as the consequence of his objecting the nullity and irregularity of past process.
My opinion is, that the appearance of the defendant in term, and his motion to quash the attachment irregularly issued, and to set aside the proceedings at rules founded upon it, was not an appearance to the action, dispensing with further and proper process; that the award of the alias summons was proper *and necessary; and that the proceedings on that subsequent process cannot be sustained, since, confessedly, it was not duly served,
CABEEE, J., concurred.
TUCKER, P.
It is conceded, that the first proceedings were irregular, and that the office judgment which had been entered at September term 1835, was properly set aside. The plaintiff then sued out a new summons, but that never was- duly served; and yet she proceeded against the defendant for not appearing, and took a common order against him by default for want of an appearance. This was wrong, because the defendant was under no obligation to appear, since the process was not served in due time according to law. The common order then being wrong, the office judgment founded upon it was also erroneous, as were also the subsequent proceedings. But it is now contended, that the motion to quash the attachment and send the cause to the rules, was an appearance. I think *727 not, for the reasons given by judge Stan-ard. But if it was, the plaintiff waived her first process and the proceedings under it, 'when she took out the second process; and moreover, if there was an appearance, there could have been no common order for want of one, but a rule should have been given to plea. In every aspect of the case, then, the proceedings are erroneous and the judgment must be reversed.
The proceedings up to the return of the alias summons must be set aside; and the cause remanded to the circuit superior court, to be sent back to the rules, where the plaintiff may sue out a pluries summons, if she shall think proper so to do.
Judgment reversed.